UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| A.O.M. et al., | CASE NO. 2:26-cv-01274-DGE |
| Plaintiffs, | ORDER ON MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM (DKT. NO. 6) |
| v. | |
| JOSEPH B. EDLOW et al., | |
| Defendants. | |

Before the Court is Plaintiff A.O.M.'s motion for leave to proceed pseudonymously and for a protective order requiring Defendants to maintain his confidentiality in all filings and public proceedings. (Dkt. No. 6.) Defendants, who are officials of the United States Department of Homeland Security and United States Citizenship and Immigration Services, do not oppose Plaintiff's motion to proceed pseudonymously. (Dkt. No. 14 at 1.) Having reviewed the motion, the relevant portions of the record, and the governing law, the Court GRANTS Plaintiff's motion.

ORDER ON MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM (DKT. NO. 6) - 1

Plaintiff is a Somali national whose N-400 application for naturalization has been pending with the United States Citizenship and Immigration Services since February 12, 2025. (Dkt. No. 3 at 2.)  Plaintiff was granted asylum by USCIS in 2020, where Plaintiff disclosed sensitive information relating to his past persecution in Somalia "that could endanger [his] relatives abroad if publicly linked to [his] name." (Dkt. Nos. 3 at 4; 3-4 at 2.)  Plaintiff attests that "[d]isclosure of [his] identity in a public docket would increase the risk of retaliatory harm to [him] and to [his] family." (Dkt. No. 3-4 at 2.)  He fears that publicly associating his name with his asylum history and past persecution would expose him to harm. (*Id.*)  Plaintiff seeks a writ of mandamus directing Defendants to schedule his naturalization interview and adjudicate his naturalization application.[1]  (Dkt. No. 3 at 2, 34.)

Generally, under Federal Rule of Civil Procedure 10(a), a plaintiff must name all the parties in the title of the complaint.  *See* Fed. R. Civ. P. 10(a).  Nonetheless, the Ninth Circuit allows "parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'"  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–1068 (9th Cir. 2000) (quoting *United States v. Doe,* 655 F.2d 920, 922 n.1 (9th Cir. 1981)).  The decision to grant or deny permission to proceed anonymously is committed to the district court's discretion.  *See Advanced Textile Corp.,* 214 F.3d at 1068.  District courts should "determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (internal citations omitted).  A court must also determine the precise

---

[1] On June 9, 2026, the Parties filed a stipulated motion for extension of time, stating "the Parties have agreed to extend the Answer deadline until August 17, 2026, to allow Defendants time to schedule A.O.M. for an interview." (Dkt. No. 10 at 1–2.)

ORDER ON MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM (DKT. NO. 6) - 2

prejudice at each stage of the proceedings to the opposing party, whether the proceedings may be structured so as to mitigate that prejudice, and whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. *Id.* (citations omitted).

"[R]etaliation from a foreign government is recognized by the Ninth Circuit and other district courts as a sufficient basis to proceed anonymously." *Poozesh v. Pompeo*, No. 1:19-cv-01466-LJO-SKO, 2019 WL 6052363, at *2 (E.D. Cal. Nov. 15, 2019) (citing *Does I thru XXIII*, 214 F.3d at 1063 (considering possible retaliation by the Chinese government against Chinese national plaintiffs residing in Saipan and their family members residing in China as supporting the use of pseudonyms)). Courts in this circuit have regularly granted plaintiffs leave to file pseudonymously in cases relating to asylum proceedings. *See, e.g.*, *Doe v. U.S. Citizenship & Immigr. Servs.*, No. 1:21-cv-00576-NONE-SAB, 2021 WL 1907562, at *4 (E.D. Cal. May 12, 2021) (citing *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *8 (S.D. Cal. Dec. 20, 2017)); *A.B.T. v. U.S. Citizenship & Immigr. Servs.*, No. C11-2108RAJ, 2012 WL 2995064, at *6 (W.D. Wash. July 20, 2012) (granting leave to proceed anonymously where plaintiffs feared future persecution if identified and forced to return to their native countries). Defendants will not be prejudiced if Plaintiff is permitted to proceed anonymously because they know Plaintiff's identity. (*See* Dkt. No. 6 at 2) (acknowledging Plaintiff disclosed his identity to government counsel); *Al Otro Lado*, 2017 WL 6541446, at *6 (finding no prejudice would result from the use of pseudonyms because the defendants knew the identities of the individual plaintiffs and thus had "the information they need to defend against the claims of the" plaintiffs). Here, it is likely Plaintiff's asylum proceedings will be discussed in case filings.

Having reviewed the record before it, and having considered the severity of potential harm, the reasonableness of Plaintiff's fears, Plaintiff's vulnerability to retaliation, the potential

ORDER ON MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM (DKT. NO. 6) - 3

prejudice to Defendants, and the public interest, the Court concludes Plaintiff's need for anonymity outweighs countervailing considerations at this early stage of the proceedings.

Accordingly, the Court GRANTS Plaintiff's motion to proceed under pseudonym and for a protective order.  (Dkt. No. 6.)  Plaintiff SHALL file UNDER SEAL a declaration with his full legal name no later than June 25, 2026.

Dated this 17th day of June, 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM (DKT. NO. 6) - 4